IN THE UNITED STATES DISTRICT COURT
FORT HE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Farmers Cooperative Co., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON SUMMARY JUDGMENT** |
| | ) | **MOTIONS** |
| vs. | ) | |
| | ) | |
| Senske & Son Transfer Co. and Jimco | ) | |
| Enterprises, LLC, | ) | Civil File No. 2:06-cv-32 |
| | ) | |
| Defendants and | ) | |
| Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ruan Truck Sales, | ) | |
| | ) | |
| Third-Party | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is a motion for summary judgment filed by Defendants, Senske & Son

Transfer Co. and Jimco Enterprises, LLC ("Senske") (Doc. #67) and a motion for summary

judgment filed by Third-Party Defendants, Ruan Truck Sales ("Ruan") (Doc. #82).  Supporting

briefs were filed with both motions.  Farmers Cooperative Co. ("FCC") resists Senske's motion

but does not oppose summary judgment as to Ruan.

Concluding there are no genuine issues of material fact as to Ruan, its motion is granted.

Concluding factual disputes exist as to Senske's motion, its motion for summary judgment is

denied.

1

**FACTS**

This case stems from an odometer discrepancy on two trucks with a relatively lengthy

chain of custody.  On March 17, 2005, Brown Truck Leasing[1] sold nine trucks to Ruan, sight

unseen, for $13,000 apiece.  Among them were the two trucks at issue here, "Truck 34," which

had approximately 720,000 miles on it and "Truck 37," which had approximately 770,000 miles

on it.  The same day Ruan purchased the trucks, Ruan sold Trucks 34 and 37 to Senske for

$15,900 apiece.  This sale was negotiated over the phone.  Senske neither inspected the trucks

nor inquired about the trucks' mileage.

The next day, Friday, March 18, 2005, Trucks 34 and 37 were delivered to Ruan's

secured lot.  The trucks remained on the lot over the weekend and on Monday, March 21, 2005,

Senske took possession of the trucks and transported the trucks to its yard.

On April 1, 2005, Bryan Korynta, petroleum manager for FCC, went to the Senske yard

and spoke with sales manager Ryan Grinde about purchasing a truck.  He test drove Truck 37

and also looked under its hood and undercarriage.  Other important facts about this encounter are

disputed:  Mr. Grinde's recollection of the facts includes a similar inspection by Mr. Korynta of

Truck 34, which Mr. Korynta denies.  Additionally, Mr. Korynta recalls specifically noting the

odometer reading on Truck 34 and receiving assurance from Mr. Grinde that the mileage was

accurate.  Mr. Grinde states that no attention was paid or references were made to the odometer

or mileage.

On April 4, 2005, FCC purchased Truck 37 for $20,000.  At that point, its odometer read

---

[1]Prior to Brown Truck Leasing, the trucks were owned by Ryder Truck Sales, which was at no time party to this lawsuit.

approximately 480,000.  Truck 37 was retrofitted by FCC for use as a fuel truck for a cost of

about $20,000.  FCC had a positive experience with Truck 37 and some months later entered into

negotiations to purchase Truck 34.  Truck 34 was purchased and picked up on December 12,

2005.  At the time of delivery, the odometer of Truck 34 reflected mileage of about 528,000

miles.  That same day, the odometer on Truck 34 stopped.

On January 23, 2006, an FCC employee found a "next service due" sticker in Truck 34

that reflected mileage of 738,431.  This prompted an investigation by FCC.  Maintenance records

were obtained from Brown Truck Leasing, which reflected final odometer readings of 771,387

and 719,852 for Trucks 37 and 34, respectively.  On January 31, 2006, a preliminary Electronic

Control Module[2] ("ECM") reading was performed on each truck and showed the actual mileage

on each was about 200,000 higher than that reflected on the odometers.  FCC contacted Grinde

about the discrepancy.  Grinde offered FCC an apology and $1,000.  On February 1, 2006, an

Electronic Control Module analysis more or less confirmed the previous ECM reading, showing

exact mileage of 721,697.4 and 800,825.2 for Trucks 34 and 37, respectively.  Failed

negotiations following the discrepancy discovery resulted in the instant suit.

## DISCUSSION

Summary judgment is appropriate if the pleadings, discovery, and affidavits show that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(c); <u>Quick v. Donaldson Co.</u>, 90 F.3d 1372, 1376 (8th Cir. 1996). The

moving party "always bears the initial responsibility of informing the district court of the basis

---

[2]An ECM is a computer system that monitors and keeps track of a truck's mileage,
among other things (Doc. #90, p. 9).

for its motion" and identifying the evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court views the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). However, mere allegations are insufficient to defeat summary judgment. Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999).

THE SENSKE SUMMARY JUDGMENT MOTION

Counts I & II: *Odometer Tampering*

Pursuant to 49 U.S.C. § 32703, a person may not "disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered on the odometer." U.S. v. Berndt, 86 F.3d 803, 809-10 (8th Cir. 1996). FCC's complaint accuses Senske of odometer tampering, one count for each truck purchased.

Senske argues that there is no proof that the FCC odometers had been tampered with or altered. An unsworn affidavit from Ruan's expert indicated odometers are known to break and may be replaced by used odometers, which could explain the 200,000 mile discrepancy. Senske argues, in the alternative, that even if the odometers had been tampered with or altered, there is no direct proof that Senske or its agents were responsible. The chain of custody of these trucks left them in the custody, at one time or another, of at least five different businesses. Mr. Korynta has conceded that he neither possessed documents proving Senske altered the odometers, nor has he been told that Senske altered the odometers.

FCC argues there is ample evidence to support its claim that the odometers had been altered: Two Electronic Control Module  readings have shown that the odometers reflect approximately 200,000 fewer miles than the actual mileage on the vehicles. Brown Truck

Leasing's records and a "next service due" sticker indicate mileage consistent with the ECM results.  Furthermore, FCC argues there is adequate evidence to support its claim that Senske is the responsible party for the tampering: Neither Brown Truck Leasing nor Ruan had reason or opportunity to alter the odometers.  The odometer on Truck 34 broke shortly after FCC took possession from Senske.  The trucks prices were unreasonably marked up.  Mr. Grinde offered FCC representatives $1,000 and an apology when confronted with the discrepancy.

The crux of Senske's argument appears to be that without direct proof, FCC is unable to survive summary judgment.  The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Rather, the non-moving party must come forward with specific facts.  Id.  If the record as a whole could not lead a reasonable trier of fact to find for the non-movant, he has failed to show there is a genuine issue for trial.  Id.  Here, Senske argues that because FCC has brought forth no direct evidence proving its claims, Senske is entitled to summary judgment.  This is simply not the case.  FCC has supplied affidavits and deposition transcripts from a number of witnesses, including Mr. Korynta, Mr. Grinde, and Ken Wehmas, in opposition to Senske's motions.  These documents contain both disputed allegations and undisputed facts that could lead a factfinder to conclude that Senske tampered with the odometers.  The Court acknowledges that this evidence is circumstantial in nature.  However, circumstantial evidence is not on its face either incompetent or inadmissible.  "Circumstantial evidence is not only sufficient, but may be more certain, satisfying and persuasive than direct evidence."  Rogers v. Missouri Pac. R. Co., 352 U.S. 500, n. 17 (1957) (citing Robert Edwards, 6 Wheat. 187, 190, 5 L.Ed. 238).  Therefore, viewed in the light most favorable to FCC, there is

ample evidence to create a question of material fact for the jury as to the odometer tampering

counts.

Counts III & IV - *Misrepresentation* and Counts V & VI - *Fraud*

FCC has brought two counts against Senske of each misrepresentation and fraud, one for

each truck.  Under North Dakota law, fraud sounds in contract.  Dewey v. Lutz, 462 N.W.2d

435, 439 (N.D. 1990).  It consists of any of the following:

1.  The suggestion as a fact of that which is not true by one who does not believe it
    to be true;
2.   The positive assertion, in a manner not warranted by the information of the
    person making it, of that which is not true though that person believes it to
    be true;
3.  The suppression of that which is true by one having knowledge or belief of the
    fact;
4.  A promise made without any intention of performing it; or
5.  Any other act fitted to deceive.

N.D.C.C. § 9-03-08.

A claim of misrepresentation sounds in tort law and requires "a fraud committed by the

defendant and a damage resulting from such fraud to the plaintiff."  Sonnesyn v. Akin, 104 N.W.

1026, 1028 (N.D. 1905).  Under North Dakota law, a misrepresentation claim is akin to a claim

of deceit, which is defined by the Century Code as:

1.  The suggestion as a fact of that which is not true by one who does not believe it
    to be true;
2.  The assertion as a fact of that which is not true by one who has no reasonable
    ground for believing it to be true;
3.   The suppression of a fact by one who is bound to disclose it, or who gives
    information of other facts which are likely to mislead for want of
    communication of that fact; or
4.  A promise made without any intention of performing.

N.D.C.C. § 9-10-02.

There is significant overlap between the essential elements of a fraud claim and the

essential elements of a claim of misrepresentation/deceit.  It appears FCC could establish either

claim by proving by a preponderance of the evidence that Ryan Grinde made representations that

the mileage on the trucks was accurate and either a) knew the mileage was inaccurate or b) had

no information regarding the mileage and made the statement about its accuracy, regardless[3].

Therefore, for the purposes of this motion, there is no substantial difference between fraud and

misrepresentation.

Again, Senske's argument that FCC's claims cannot survive summary judgment for lack

of direct proof is without merit.  "Because intent to defraud and deceive is ordinarily not

susceptible of direct proof, fraud and deceit may be inferred from the circumstances."  Dewey,

462 N.W.2d at 441.  There is adequate evidence to create a question of fact for trial.  Bryan

Korynta alleges that Grinde made repeated representations about the odometers' accuracy (Doc.

#90, pp. 4-6).  Grinde has admitted he had no knowledge about the odometers' accuracy, so he

would have no basis upon which to make such a statement (Doc. #70, pp 6-7).  Moreover,

additional evidence, such as Senske's markup on the trucks and the timing of the odometer

failure, indicate Grinde may have, in fact, knowingly made a false statement about the

odometers' accuracy.  Which account of the facts is true will undoubtedly boil down to the

credibility of the witnesses.  "'Credibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of the judge . . .'"

---

[3]That the Odometer Act would exempt Trucks 34 and 37 from mileage disclosure is not
relevant to the fraud and misrepresentation/deceit claims.  The Court acknowledges that none of
the sellers involved here – Brown Truck Leasing, Ruan, or Senske –  were required to disclose
the mileage when the trucks were sold.  However, it does not appear to the Court that the
Odometer Act in any way intends to insulate a seller who chooses to make assertions or
representations about the mileage, or tampers with an odometer in order to misrepresent the state
of a vehicle.

Davison v. City of Minneapolis, MN, 490 F.3d 648, 658 (8th Cir. 2007) (quoting Anderson, 477

U.S. at 255).  Therefore, viewed in the light most favorable to FCC, these factual disputes create

a question of material fact.  Neither the fraud nor misrepresentation claims are appropriate for

adjudication on summary judgment.

       The Court notes that though both the fraud and misrepresentation claims should survive

at this point, it may not be appropriate for both theories of recovery to be presented to the jury at

the conclusion of the evidence.  There are significant differences between the remedies that are

available for recovery under the two theories that could render the claims inconsistent on the

proof presented.

THE RUAN SUMMARY JUDGMENT MOTION

Count I - *Odometer Tampering*

       Ruan argues summary judgment is appropriate as to Count I of Senske's third-party

complaint because there are no issues of material fact as to whether Ruan tampered with either

truck's odometer.  None of the affidavits or witnesses indicate anyone has any evidence or

information indicating Ruan may have tampered with or altered the odometers, or even

indicating Ruan did any cleaning or maintenance on the trucks.  Grinde testified Ruan made no

representations about the mileage or condition of the trucks (Doc. 97-2, pp. 16-17).  He testified

mileage was not important to him.  Id.  These facts are agreed upon among parties and are not in

dispute.

       Senske resists summary judgment on Count I but fails to direct the Court to any affidavit,

deposition transcript, or other evidence that would allow the court to find that an issue of

material fact is disputed.  Senske's only argument is that Ruan may have altered the odometer to

8

make the trucks look better and justify its $2,900 profit on each.

Mere allegations are insufficient to defeat summary judgment.  Klein, 198 F.3d at 709.

Furthermore, a court is not required to "plumb the record in order to find a genuine issue of

material fact."  Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996).  Here, Senske

does not dispute the fact that mileage was not important when it purchased the trucks from Ruan,

and it believed it paid a fair price for the trucks, regardless of mileage.  Senske acknowledges it

negotiated the trucks' purchase with Ruan before they were in Ruan's possession.  Senske's

current argument is pure speculation unsupported by the record.  Even when viewed in a light

most favorable to Senske, this single supposition does not create an issue of material fact.

Therefore, summary judgment as to Count One is appropriate.

Count II - *Misrepresentation*

Ruan argues summary judgment is appropriate as to Senske's misrepresentation claim

because there is no evidence that Ruan made any representations whatsoever about the mileage

on the trucks.  Ruan argues it was not obligated to disclose the mileage to Senske because the

trucks were exempt from such disclosures.  49 C.F.R. § 580.6(a)(1); W.W. Wallwork, Inc. v.

Duchscherer, 501 N.W. 2d 751, 753 (N.D. 1993).  At oral argument, Senske acknowledged this,

but argued that the misrepresentation claim is appropriate because of the fraud and

misrepresentation claims made against Senske.

In order for a misrepresentation claim to lie, Ruan must have made a statement or

suggested a fact that was known to be false or which Ruan could not reasonably believe was

true.  N.D.C.C. § 9-10-02.  Senske has not alleged that any statement or suggestion was made,

much less supported it with competent evidence sufficient to establish an issue of material fact.

The undisputed fact that Ruan made no representations about mileage, viewed in the light most favorable to Senske, does not create an issue of material fact.  Summary judgment is therefore appropriate as to Count II.

> Count III - *Indemnity and Contribution*

Ruan argues summary judgment is appropriate as to Count III because there was no express agreement between the parties that would require indemnity or contribution.  Senske's response states, without citation to any law or authority, that if both Senske and Ruan are liable, then Senske may be entitled to contribution.

There is no right to indemnification absent an express agreement or well-settled duty between parties.  Mann v. Zabolotny, 615 N.W.2d 526, 528 (N.D. 2000); Sayler v. Holstrom, 239 N.W.2d 276, 281 (N.D. 1976).   A right to contribution may exist in favor of a tortfeasor if that tortfeasor has paid more than its pro rata share of the common liability.  Pierce v. Shannon, 607 N.W.2d 878, 879 (N.D. 2000).  However, there is no right to contribution as to intentional torts.  N.D.C.C. § 32-38-01(3).  Here, there is neither an express agreement nor a well-settled duty establishing a right to indemnification, a point Senske appears to concede in its response.  Moreover, there is no right to contribution.  We have established there is no evidence indicating Ruan perpetuated any fraud or misrepresentation.  Thus, the Court has established that, as a matter of law, Ruan is not a tortfeasor in this case.  There is therefore no right to indemnity or contribution, and summary judgment is appropriate as to Count III.

## DECISION

Viewed in the light most favorable to FCC, adequate evidence has been presented to the Court to create an issue of material fact as to each of its claims against Senske.  It appears FCC's

case boils down to questions of credibility of witnesses and circumstantial evidence – disputes which are appropriately settled by a jury.  Therefore, Senske's motion for summary judgment is **DENIED** in its entirety.

Ruan's motion for summary judgment is, however, **GRANTED** in its entirety.  Ruan carried its initial burden of demonstrating the absence of a genuine issue of material fact.  Senske largely rested on the pleadings and did little to refute Ruan's arguments.  It is well-established that the non-moving party "may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  Kincaid v. City of Omaha, 378 F.3d 799, 804 (8th Cir. 2004) (citing Fed. R. Civ. P. 56(e)).   Here, Senske failed to show a genuine issue of material fact as to any of its claims against Ruan.  Therefore, summary judgment is appropriate.

Finally, FCC's motion to strike is **DENIED** as moot.  The Court has every confidence that counsel for Senske did not intend to discredit counsel for FCC by referring to the alleged bribe as a "newly found claim." The Court has found that there is support in the record for both Senske's and FCC's representation of the $1,000 offer – whether that offer should be characterized as a "bribe" or "credit" is appropriately left to the jury.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2008.

       */s/    Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court