```
          IN THE UNITED STATES DISTRICT COURT
                DISTRICT OF NORTH DAKOTA
                  NORTHEASTERN DIVISION

Farmers Cooperative Co.,      )
                              )
          Plaintiff,          )
                              )
     -vs-                     )     Civil No. 2:06-cv-32
                              )
Senske & Son Transfer Co. and )
Jimco Enterprises, LLC,       )
                              )
          Defendants.         )
```

**MEMORANDUM OPINION AND ORDER**

The Defendants (collectively "Senske") have filed a consolidated motion, seeking judgment as a matter of law, remittitur, or alternatively a new trial (doc. #234). The Plaintiff Farmers Cooperative Company ("FCC") has objected, arguing the evidence presented at trial supports the verdict. For the reasons discussed below, Senske's motion is **DENIED**.

**I.   Background**

FCC sued Senske, claiming it had intentionally altered the odometers on two tractor-trucks FCC purchased from Senske (doc. #1). The Court held a trial in April 2007. The jury returned a verdict in favor of FCC for $42,370.47 (doc. #225). Under 49 U.S.C. § 32710(a), the damages were tripled as treble damages. The Court added prejudgment interest and entered judgment against Senske for $133,256.95 (doc. #226).

**II.  Discussion**

Rule 50(a)(1) of the Federal Rules of Civil Procedure allows the Court to enter judgment as a matter of law when "a party has

1

been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." "The law places a high standard on overturning a jury verdict." Hathaway v. Runyon, 132 F.3d 1214, 1220 (8th Cir. 1997). Judgment as a matter of law is appropriate only when no evidence supports the verdict. Id. The Court must give the nonmoving party the benefit of all reasonable inferences and view the evidence in that party's favor. Id.

Rule 59 of the Federal Rules of Civil Procedure provides, "A new trial may be granted . . . on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have . . . been granted in actions at law in the courts of the United States." The Court may set a verdict aside where it is against the great weight of the evidence or to prevent injustice. Fireman's Fund Ins. Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 186 (8th Cir. 1972).

Remittitur is proper only when the jury's verdict is so grossly excessive as to shock the court's conscious. Eich v. Bd. of Regents for Cent. Mo. State Univ., 350 F.3d 752, 763 (8th Cir. 2003). "A verdict is not considered excessive unless there is 'plain injustice' or a 'monstrous' or 'shocking' result." Id. (quoting Jenkins v. McLean Hotels, Inc., 859 F.2d 598, 600 (8th Cir. 1988)). With these standards in mind, the Court turns to the substance of Senske's motion.

**A.   Remittitur and Damages**

The jury's verdict is supported by the evidence.  FCC presented evidence of what it paid Senske for the trucks compared to the fair market value of the trucks with their actual mileage.  FCC also solicited testimony as to whether a truck engine with the lesser mileage would have needed an overhaul.  The evidence showed the truck engine more likely than not should not have needed an overhaul at the lesser mileage but one at the actual mileage of the trucks likely would.  The credibility of witnesses Swanson and Brownmiller was a jury consideration that the Court cannot invade.  Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 745 (8th Cir. 2004).  The Court concludes the damages awarded were supported by the evidence and should not be overturned.

Furthermore, remittitur is not proper in this case.  As explained above, the jury's verdict was supported by the evidence.  The Court also notes that FCC in its closing implored the jury to look at the repair records for the trucks and exclude anything the jury did not believe were attributable to buying a truck with more miles than assumed.  The Court cannot conclude the jury's verdict of $42,370.47 "shocks the conscious" of the Court, and the verdict hardly results in an injustice or is monstrous in light of the evidence presented.  Therefore, the Court will not lessen the jury's award.  The jury did not award a windfall, FCC was not put in a position of betterment, nor did they fail to mitigate their damages.  Therefore, Senske's

3

argument that a new trial is needed because of these issues is without merit.

    **B.**    **Bifurcation**

As Senske notes in its brief, the Court has broad authority to bifurcate separate parts of a trial under Federal Rule of Civil Procedure 42(b). O'Dell v. Hercules, Inc.,904 F.2d 1194, 1201-02 (8th Cir. 1990). This case was relatively straight forward, did not involve complex concepts of law, and did not involved several claims or burdens of proof. See id. at 1202 ("In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."). Therefore, this case did not present a need to bifurcate.

    **C.**    **Jury Instructions and Verdict Form**

The Court's jury instructions were taken from the Eighth Circuit's model jury instructions for odometer fraud cases. See 8th Cir. Civil Jury Instr. 6.01-6.02 (2005). These instructions are supported by the law of the Eighth Circuit. See id. Therefore, Senske's challenge to the final instructions given to the jury are without merit. Senske also argues the Court failed to instruct the jury regarding preponderance of the evidence. The Court directs Senske to Preliminary Instruction #4.

Similarly, Senske has failed to show any defect in the verdict form presented to the jury. Senske's proposed verdict

form was long, complicated, and served only to confuse the jury. The verdict form presented to the jury "split the baby" between FCC's short and direct form with Senske's wish to separate out damages by truck.  Therefore, there was nothing inaccurate or confusing about the verdict form.  Senske's challenge to the Court's verdict form is without merit.

    **D.**    **Prejudice by the Court**

Senske next argues the Court prejudiced Senske's case by commenting about settlement in pretrial conferences, refusing to grant a continuance, and interjecting itself in the testimony. The Court disagrees.  Regarding the Court's comments about settlement, the Court ensured Senske fully understood the risks of losing at trial.  Regarding the requested continuance, this case had been a long, drawn out one that afforded Senske plenty of time to prepare.  The previously assigned judge denied a continuance (doc. 134).  Senske was represented by two capable attorneys with a great deal of experience.  The Court did grant a one-week continuance to allow it to finish another trial, giving Senske additional time to prepare.  Therefore, Senske has not shown how it was prejudiced.  Finally, the Court has discretion to control the presentation of evidence in trial.  O'Dell, 904 F.2d at 1203.  The Court was well within its discretion to manage the trial by not letting Senske present irrelevant and confusing evidence or allow its expert to testify about matters not

previously disclosed in his expert report.  Therefore, this argument is without merit.

    **E.   Prejudgment Interest.**

Under N.D. Cent. Code § 47-14-05, "Interest for any legal indebtedness must be at the rate of six percent per annum . . . ."  FCC requested the awarding of prejudgment interest at the prevailing rate under North Dakota law. The jury found Senske liable for a legal indebtedness for altering the odometers of the two trucks and over-charging FCC.  Furthermore, FCC incurred an indebtedness proximately caused by Senske when it overhauled the engine on a truck that evidence showed should not have been needed.  Therefore, the awarding of prejudgment interest was justified.

### III. Conclusion

The evidence presented at trial supports the jury's verdict. Therefore, judgment as a matter of law, new trial, and remittitur are improper.  Senske's motion is **DENIED**.

    **IT IS SO ORDERED**, this 9th day of July, 2008.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court