IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Farmers Cooperative Co., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil No. 2:06-cv-32 |
| | ) | |
| Senske & Son Transfer Co. and | ) | |
| Jimco Enterprises, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER AWARDING ATTORNEY FEES

This matter came before a jury on April 10, 2008 in which the jury found that the Defendants (collectively "Senske") did alter odometers with the intent to defraud and that the Plaintiffs ("FCC") were entitled to damages. Pursuant to the Motor Vehicle Information and Cost Savings Act ("the Odometer Act"), 49 U.S.C. § 32710(b) (1994), attorney fees shall be awarded to the plaintiff after a judgment is entered in their favor. This order focuses solely on the issue of reasonable attorney fees and litigation expenses, as the controverted and stipulated costs associated with the case have been addressed in a previous order (docket #242).

FCC's lead attorney, Jonathan Miesen, submitted a motion for recovery of attorney fees (docket # 228), as well as a subsequent affidavit in support of FCC's motion for recovery of attorney fees (docket #230), which detailed the cumulative hours and corresponding fees of the attorneys and staff who worked on the case totaling $82,649.00 (docket #228). Senske's attorney, DeWayne Johnston, responded by opposing not only the amount of hours billed by FCC, but also the rate at which FCC billed its hours (docket #254). Following the jury verdict

in its favor, FCC also submitted a supplemental affidavit (docket #264), which listed the attorney fees accumulated since April 9, 2008 totaling $9,985.00.

The applicable rule of law that enables FCC to recover attorney fees is the Motor Vehicle Information and Cost Savings Act, which states that the Court "shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."  49 U.S.C. § 32710(b) (1994).  Since judgment was entered in favor of FCC on April 10, 2008, the Court will therefore award reasonable attorney fees to FCC.

## **LODESTAR ATTORNEY FEES**

The Court's preferred starting point in determining what constitutes reasonable attorney fees in cases involving fee-shifting statutes such as the Odometer Act, is to calculate the "lodestar" amount, which is the product of the number of hours reasonably expended on the case multiplied by a reasonable hourly rate.  Blum v. Stenson, 465 U.S. 886, 888 (1984); Hensley v. Eckerhart, 461 U.S. 424, 433;  H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991); Duchscherer v. W.W. Wallwork, Inc., 534 N.W.2d 13, 16-17 (N.D. 1995).  See also City of Bismarck v. Thom, 261 N.W.2d 640, 646 (N.D. 1977).[1]  In Thom the North Dakota Supreme Court explained not only the calculation of the "lodestar" amount, but also the discretion that the trial court has in determining the proper awarding of attorney fees by stating that:

> [T]he trial judge must first determine the number of hours expended . . . .  The trial judge must then assign specific hourly rates based upon the attorney's experience and reputation which will constitute the "lodestar."  The hourly rate can be adjusted upwards or downwards on the basis of objective evaluation of the complexity and novelty of the litigation and the corresponding degree of skills displayed by the attorney.  The trial court or judge

---

[1] The Court is aware that Thom is an eminent domain case but its applicability to determining attorney fees as well as its use in similar cases makes its use here appropriate.  See, e.g., Duchscherer, 534 N.W.2d at 20.

> should also consider the character of the services rendered, the results which the attorney obtained, and the customary fee charged in the locality for such services, as well as the ability and skill of the attorney. The court should not rely on any single item in determining reasonable attorney fees. [However], [t]he number of hours spent in total and the rate per hour are the predominant factors in determining reasonable attorney fees.

Id. at 646.

In its calculation of the "lodestar" amount the Court also considers whether the time spent on the case was appropriate and whether the hourly rate charged is consistent with "the prevailing market rates in the relevant community." Blum, 465 U.S. at 895.

Although the Court has carefully reviewed FCC's attorney fee submissions, there is no need to overly scrutinize every billing entry FCC provided to the Court. The Court has determined that the time expended by FCC is reasonable, and this impression is reinforced in FCC's brief in support of motion for recovery of attorney fees as FCC's counsel diminished their billed time (docket #229 at 12).

Another factor that led to the Court's determination that FCC's hours expended was reasonable, was unfortunately due to the fact that Senske made the case more difficult than it should have been through strongly advocated but overall mostly irrelevant tactics. The Court appreciates the vivacity of Senske's defense. However, the Court is also of the opinion that the implementation of this type of strategy coupled with a lethargic legal argument has inherent risks as well, especially when the tactics make the case more difficult and longer than it should have been. Accordingly, "a party 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent' overcoming its vigorous defense." Duchscherer, 534 N.W.2d at 19 (quoting City of Riverside v. Rivera, 477 U.S. 561, 580 n.11 (1986)).

Regarding the hourly rates charged by FCC, the Court is of the opinion that their skill, professionalism, experience, and the favorable result achieved on behalf of their clients are essential components in calculating the "lodestar" amount. The Court has also determined that FCC's hourly rates, after the reduction of their counsel's rates (docket #229 at 10), is consistent with the prevailing market rates. Furthermore, the Court views the additional hours billed by FCC and subsequent attorney fees submitted past April 9, 2008 (docket #264) to be reasonable as well. Therefore, the Court finds the number of hours worked by the FCC's attorneys and staff along with their hourly rates to be reasonable. However, in determining the "lodestar" amount for any upwards adjustment the Court will only consider the attorney fees prior to the jury verdict[2] and is calculated as follows:

CALCULATION OF ATTORNEY'S FEES-"LODESTAR" AMOUNT

TOTAL LEGAL FEES AT PREVAILING HOURLY
RATES AS PER ATTORNEY'S STATEMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . $92,634.00
LESS: ATTORNEY FEES FOLLOWING JUDGMENT. . . . . . . . . . . . . . . . . . . . . . ($ 9,985.00)

TOTAL PLAINTIFF ATTORNEY FEES – "LODESTAR" AMOUNT. . . . . . . . . . . $82,649.00

**UPWARD ADJUSTMENT**

Although the "lodestar" calculation normally provides a reasonable attorney fee, in "some cases of exceptional success an enhanced award may be justified." Hensley, 461 U.S. at 435. In Hensley the Court observed that the "product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained'." Id.

---

[2] The Court will not reward the post-judgment attorney fees in the same way as the pre-judgment attorney fees as the attributes that validate an upward adjustment such as risk, exceptional skill, and success on behalf of the client were essentially completed prior to FCC's additional post-judgment attorney fees.

at 434.  The Court is of the opinion that FCC's skill, professionalism, and results obtained in combination with the great risk FCC's counsel has expended on a claim of $42,370.47 warrants an upward adjustment.

In order to determine the appropriateness of an upward adjustment FCC must successfully demonstrate that such an adjustment is necessary as "[t]he burden of proving that such an adjustment is necessary . . . [rests] on the fee applicant."  Blum, 465 U.S. at 898.  FCC's counsel contends that without their "exceptional representation FCC would not have obtained [the same] result." (Docket #260 at 4).  This Court is of the opinion that FCC's counsel has demonstrated that they did represent their clients with great skill and that their extremely successful obtained results were directly related to the way in which FCC's counsel handled the case.

When the Court determines whether an upward adjustment is warranted the Court carefully weighs the exceptional success and ability of counsel, as the Supreme Court has emphasized the predominance of these attributes in determining an upward adjustment and has contrastingly ruled that the novelty and complexity of the issue are not "appropriate factor[s] in determining whether to increase the basic fee award."  As the Court in Blum stated:

> "[t]he novelty and complexity of the issues presumably were fully reflected in the number of billable hours times reasonable hourly rates.  [However,] [t]here may be cases . . . where the experience and special skill of the attorney will require the expenditure of fewer hours than counsel normally would be expected to spend . . . .  In those cases, the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates."

Id. at 898.

After listening and considering all the evidence introduced, the Court was left with the

impression that an upward adjustment of 10% would be appropriate in this case. Although this is an estimate, the Court does not arrive at its decision lightly as the Court has carefully reviewed the specific aspects of the separate claims and makes its decision based on a legal foundation of over twenty years in private practice, six years as United States Attorney, and over twenty years as United States District Judge. The Court relies on its sense of equity and fairness in order to determine the most reasonable outcome. Therefore, in setting the amount of the recovery for attorney fees and litigation expenses, the Court will add a 10% upward adjustment to the previously calculated "lodestar" amount. This brings FCC's total recovery of attorney fees and litigation expenses to $100,898.90 and is calculated as follows:

CALCULATION OF TOTAL RECOVERY FOR LITIGATION EXPENSES

TOTAL PLAINTIFF ATTORNEY FEES – "LODESTAR" AMOUNT. . . . . . . . . . . $ 82,649.00

PLUS:  10% UPWARDS ADJUSTMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  8,264.90

PLUS:  ATTORNEY FEES FOLLOWING JUDGMENT  . . . . . . . . . . . . . . . . . . . . . $  9,985.00

**TOTAL RECOVERY FOR LITIGATION EXPENSES . . . . . . . . . . . . . . . . . . . . $100,898.90**

## ORDER

IT IS ORDERED that plaintiff recover from the defendant attorney fees and litigation expenses in the sum of $100,898.90 and that the judgment previously entered in this case be amended to include this award.

IT IS SO ORDERED.

Dated this 8th day of August, 2008.

RODNEY S. WEBB   District Judge
United States District Court

6